UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| RODNEY ALLEN ROUDENBUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00278-SEB-DML |
| | ) | |
| FLOYD COUNTY JAIL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Rodney Allen Roudenbush, an inmate at the Floyd County Jail (the "Jail") brought

this lawsuit pursuant to 42 U.S.C. § 1983 alleging that, the defendant Captain Furman retaliated

against him in violation of his First Amendment Rights by removing him from his work duty

position after becoming aware that he intended to file a lawsuit pertaining to personal injuries he

allegedly suffered in the jail kitchen.  Capt. Furman has moved for summary judgment arguing

that Mr. Roudenbush failed to exhaust his available administrative remedies as required by the

Prison Litigation Reform Act ("PLRA") before he filed this lawsuit. For the following reasons,

Capt. Furman's motion for summary judgment, dkt. [29], is **GRANTED**.

**I.
LEGAL STANDARD**

A motion for summary judgment asks the Court to find that there is no genuine dispute as

to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R.

Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party

must support the asserted fact by citing to particular parts of the record, including depositions,

documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing

that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II.
## BACKGROUND

### A. The Jail's Grievance Process

The Grievance Policies in effect during Mr. Roudenbush's incarceration at the County Jail permit an inmate to file a grievance about any aspect of institutional life, including the actions of corrections officers. Dkt. 31-3 at 2. Grievances are filed through an electronic kiosk system. *Id*. For a grievance to be accepted, it must "include the date, time, names of all persons involved, and all pertinent details of the incident including the names of any witnesses." *Id*. An inmate must file a grievance "within five (5) days of the incident or [it] will be dismissed." *Id*.

If an inmate is dissatisfied with the initial disposition of his grievance, he can appeal in writing to higher ranking jail officials and, ultimately, to the Jail Commander and Sheriff. *Id*. An inmate's failure to timely appeal means that the inmate failed to exhaust the administrative remedies available under the Inmate Rules and Regulations and the Grievance Policy. *Id*.

### B. Mr. Roudenbush's Participation in the Grievance Process

During his incarceration at the Jail, Mr. Roudenbush filed several grievances and other requests through the Jail's kiosk system. *See* dkts. 31-1; 31-4; 31-5. Of these grievances, only one ever discussed his work duty following his removal was filed on November 1, 2019. That grievance stated: "I was just reading thur [sic] the inmate worker program, and according to the

guidelines I should have not been knocked." Dkt. 31-5 at 24. The officer that reviewed this grievance responded, "Noted." *Id*.  Mr. Roudenbush did not file any appeal related to this grievance. *See id*.

## III.
## DISCUSSION

Capt. Furman seeks summary judgment arguing that Mr. Roudenbush failed to exhaust his available administrative remedies as required by the PLRA. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendant's burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

Capt. Furman argues that the undisputed evidence demonstrates that while Mr. Roudenbush initiated an unsuccessful grievance on November 19, he did not file any grievance appeals in compliance with the grievance policy before filing this action, and he therefore failed to exhaust his administrative remedies.  *See* dkts. 30, 34  In response, Mr. Roudenbush refers to the grievance in which he stated "I shouldn't have been knock [sic]", and argues that the Jail's response indicated a "dead end," because the officers were "unwilling to provide any relief" to him.  *See* dkt. 33 at 3.  In reply, the Jail argues that Mr. Roudenbush's grievance was non-compliant with the Jail's procedural requirements and lacked substantive information sufficient to provide the Jail an opportunity to address the complaint.

Here, the undisputed evidence shows that under the Jail's grievance process, Mr. Roudenbush could appeal any response with which he was dissatisfied, and that Mr. Roudenbush did not do so. *See* dkt. 31-3 at 2-3.  Accordingly, the Court finds that Mr. Roudenbush has failed to demonstrate that he completed the Jail's grievance process with respect to any of the claims alleged in this action. Because Mr. Roudenbush failed to exhaust his available administrative remedies prior to bringing this action, his claims must be **dismissed without prejudice**. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice."). Mr. Roudenbush's motion for information, dkt. [40], is **denied as moot**.

## IV.
## CONCLUSION

For the reasons explained above, the defendant's motion for summary judgment, dkt. [29],

is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**. The plaintiff's motion

for information, dkt. [40], is **DENIED AS MOOT**. Judgment consistent with this Order shall now

issue.

**IT IS SO ORDERED.**

Date: _____12/21/2020_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RODNEY ALLEN ROUDENBUSH
32688
FLOYD COUNTY JAIL
FLOYD COUNTY JAIL
Inmate Mail/Parcels
P.O. Box 1406
New Albany, IN 47150

Justin M. Schaefer
SCHILLER BARNES MALONEY PLLC
jschaefer@sbmkylaw.com